

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00085-CR

———————————————

DAMON JESUS SIAS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1815031

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant Damon Jesus Sias attempts to appeal his July 16, 2024 conviction for evading arrest or detention with a vehicle. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A). Because Sias did not file a motion for new trial, his notice of appeal was due August 15, 2024. *See* Tex. R. App. P. 26.2(a)(1). Sias's notice of appeal, however, was not filed until March 19, 2025.

On March 20, 2025, we notified Sias of our concern that we lack jurisdiction over this appeal because his notice of appeal was not timely filed. We warned Sias that unless he or any party desiring to continue the appeal filed a response by March 31, 2025, showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 44.3. We have received no response.

A timely notice of appeal is essential to vest this court with jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). We may extend the jurisdictional deadline if a notice of appeal is filed in the trial court within fifteen days of its due date, and within that same period, the appellant also files a motion for extension of time complying with Texas Rule of Appellate Procedure 10.5(b). *See* Tex. R. App. P. 26.3; *Olivo*, 918 S.W.2d at 522; *see also* Tex. R. App. P. 10.5(b). Here, while Sias's notice of appeal was accompanied by a motion for extension of time to file the notice of appeal, that motion and the notice were untimely as they were filed on March 19, 2025. *See* Tex. R. App. P. 26.3; *Olivo*, 918 S.W.2d at 522. Because Sias's notice of appeal and his motion for extension were untimely, we deny Sias's motion

2

and dismiss his appeal for want of jurisdiction.[1]  *See* Tex. R. App. P. 43.2(f); *Olivo*, 918 S.W.2d at 522–23; *Szabo v. State*, No. 01-17-00024-CR, 2017 WL 1149210, at *1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2017, no pet.) (per curiam) (mem. op., not designated for publication) (denying untimely motion for extension to file notice of appeal and dismissing appeal for want of jurisdiction because of untimely notice of appeal); *Thompson v. State*, No. 2-05-367-CR, 2005 WL 2898648, at *1 (Tex. App.— Fort Worth Nov. 3, 2005, no pet.) (per curiam) (mem. op., not designated for publication) (same).

/s/ Dana Womack
Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 10, 2025

---

[1]Moreover, even if Sias's notice of appeal had been timely filed, he had no right of appeal because this case involved a plea bargain.  The Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an appellant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  Tex. R. App. P. 25.2(a)(2).  In this case, the trial court certified that this is a plea-bargain case and that Sias "has NO right of appeal," and the record does not indicate that Sias intends to challenge a ruling on a written motion filed and ruled on before he pleaded guilty.  Thus, Sias has no right to appeal from his plea bargain.  *See Powe v. State*, No. 02-24-00399-CR, 2024 WL 5162849, at *1 (Tex. App.—Fort Worth Dec. 19, 2024, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction because the appellant's notice of appeal was not timely filed and because he had no right to appeal from his plea bargain); *Larez-Rivero v. State*, No. 02-21-00200-CR, 2022 WL 1183348, at *1 (Tex. App.—Fort Worth Apr. 21, 2022, no pet.) (mem. op., not designated for publication) (same).

3